

[ Williams v. Mather ]

Samuel Williams plaint. ag$^t$ Timothy Mather Defend$^t$  The plaint. withdrew his action.

[ Deane v. Hubbard ]

Thomas Deane assigne of John Glover plaint. ag$^t$ John Hubbard Defend$^t$ in an action of debt of twenty Eight pounds in mony due by bill bearing date august. 4th 1676. This case being called the parties appeared and the Summons being read, m$^r$ Hubbard produced a coppie of a Record of the Court Assistants putting a Supersedeas to the payment of this mony; upon which the Court granted a non Sute. The plaintife appealed from this judgement unto the next Court of Assistants and himselfe principall in £.10. Cap$^t$ Jn$^o$ Richards and m$^r$ Richard Wharton Sureties in £.5. apeice bound themselves respectively . . . on condition the s$^d$ Tho: Deane should prosecute his appeale . . .

[ This case probably grew out of the sordid business of "seizing Indians at the eastward & making sale of them at Fyall," as appears in the Records of the Court of Assistants, i. 91, Glover, one of the condemned slave traders, having previously sold a "part of the produce of that voyage" to Hubbard. The following addition to the entry, in the handwriting of Edward Rawson, is found in S. F. 1631.1:

Notw$^{th}$standing m$^r$ Deans w$^{th}$drawing his action The Court ordered he should be pajd his 28$^{li}$ wch he pd m$^r$ Jn$^o$ Glouer he not knowing y$^e$ Courts order when

Glouer Assigned his bill to him y<sup>e</sup> sd Glouer. y<sup>e</sup> sajd Glouer was Jnformd y<sup>t</sup> his mony in m<sup>r</sup> Hubbards hand was to lye till y<sup>e</sup> Court determd it.   E R S

Deane's Reasons of Appeal (S. F. 1631.4) follow:

Thomas Deane Assignee of John Glouer Plaintiffe against Jn° Hubbard Defend<sup>t</sup> his Reasons of appeale from the Judgment of the County Court held at Boston, the 24th Aprill 1677

First. Because the Law Title: (Bills folio 10) Saith that any debt or debts, due vpon bill or Specialtie assigned to another Shall be as good a debt & Estate to the assignee as it was to the assignor, at the time of the assignation, and that it shall be Lawfull for the Assignee to Sue and Recouer the Said debt due vpon bill and So assigned, as fully as the Originall Creditor might haue done; Provided the assignement be made on the backside of the bill or Specialtie, Now John Hubbards bill to John Glover, for payment of the Summe of Twenty Eight Pounds, was on the tenth day of Aprill. 1677. according to the aboue cited law, assigned to the appellant, and so became a due debt to him, which by the Judgment of the Honno<sup>rd</sup> Court was denyed him, Therefore ground of appeale.

2 Jn that there is a Maxime in Law, that that Power which gives being to a matter or thinge, there must be the Same or a greater power that Can make it void, but the Power of the honorable General Court, hath given being to that Law of assignments of bills by which the appellant deriues his right, therefore he ought to haue the benefitt thereof. Except the Generall Court or a greater power hath mad[e] the S<sup>d</sup> Law void, which not appearing there is ground of appeale.

3 Jn that it is affirmed that the Councell or Court of assistants, haue power to make Such an act, to dismisse the plaintiffe of his money which he must assume the boldnesse to deny, Yet if it were granted that the Court of Assistants, haue in Some Cases Such a power to Null or make void an act of a generall Court, it then ought at Least to be Recorded & Sufficiently published, (otherwise no law of the Generall Court is in force) but that did not appeare, therefore ground of appeale.

4. Because it was held good in law, that the Court of Assistants making an act on the 17th of Aprill 1677 (Seven dayes after the assignement of the S<sup>d</sup> bill to the appealant) that what was only sa[id] or discoursed, Concerning the Said debt, by the Councell or Court of Assistants, on the 10th March 1676 though not recorded Should ta[ke] its rise and force, of an order from that day, the appealant answers in the Negatiue. Because all lawes and acts of Parliament or other Courts of Judicature are & ought alwayes to be Recorded, otherwise they haue noe Existence or being at all, Nor is any law, ordinance of parliament or act of any Court in force, untill it be Sufficiently published, See our Law page 1: The Entry or Record in Court being the very Essence of an act of Parliament. statute or order of Court, from the very Jnstant of the Entry it takes its birth, and from the time of its publication it takes its force, hence it is that Courts of Justice are Called Courts of Reccord, (against which there is no averrment) to which purpose that office in England is Called, Custos Rotulorum and as a Law or order of Court takes its being from the Jnstant of Recording, So it never looks back nor takes its rise, or be in force from the first time it was in agitation or debate, for many times acts of Parliaments [&] of Generall Courts are in Concideration & debate,

Seuerall Sessions before they are Entred, and from thence they Come to be Called acts or orders as hath bene Said, otherwise they dye & Come to nothing, as many proposals & discourses in the greatest Courts have done, for Jnstance in a private Case, if a man should Confesse A Judgment in Court for payment of One hundred Pounds to another, if this be not Recorded, it is of no vallidity in Law, though a hundred men Could witnesse it, and the Reason is (as hath bene Said,) Because it is the Reccord and due Publication thereof that giues being & legall force to any act of Court, from whence it appeares, that what the honnered Court is Said to do on the 10th of March 1676 Concerning the Stoppage of the Said money in the hands of said Hubbert, declared to Said Glouer, but not Recorded is null in law, nor is it the appellants place to Question the Secretary for his Omission or Neglect therein, (as hath bene Suggested) but of necessity the Secretary must Stand to the Censure of the Court, to whom he is a minister

Jn fine the Appellant hath had noe designe in this businesse, to hinder or frustrate the honnor$^d$ Court in any of their proceedings therein (were it in his power,) but hath acted in all plainesse in Common Negotiation as men vsually buy & Sell assigne and Sett ouer, there being as he humbly Conceives no law, which doth enjoyne any man to Search reccords of Court, Concerning anythinge that is to be bought or Sold Except land or Such like, soe that the premises Concidered the appelant doubts not but this honno$^{rd}$ Court & Jury will See the appealant hath ground Sufficient to appeale.

Tho: Deane

These Reasons were received aug$^o$ 28$^o$ 1677.
 per Js$^a$ Addington Cler

### S. F. 1631.5

A breife Reply (in the absence of m$^r$ John Hubbard) unto m$^r$ Tho: Deane his Reasons of appeale from the Judgement of the County Court held at Boston in April last past in the action commenced by him as assigne of John Glover against s$^d$ Hubbard.

As to his first wherein hee cites the law for assignments of bills pleading the validity or Legality of his debt, being by assignm$^t$ of a bill: — Jt's readily granted that where the principall stands in a capasity of recovering a debt by bill, his Lawfull assigne hath as full power, and is in as good a State for obtaining of the s$^d$ debt as the Original Creditor was before the assignation: But our question lyes not here, nor was m$^r$ Deane denyed a tryall because of his being an assigne; for had John Glover the Original Credito$^r$ Sued this bill, hee had no more been admitted a proceedure then m$^r$ Deane was.

As to his third and fourth wherein the appellant undertakes to discourse the power of the Court of Assistants or Council in making of acts or orders and the manner of passing them to give them a force; Jt's wide of the present purpose to engage in any such controversy; and that which the Hono$^{rble}$ Court of assistants now in being are best able to resolve.

But that which the County Court grounded theire verdict or Sentence upon was the act of the Court of assistants a Superio$^r$ Court, who (for reasons best known to themselvs) had forbid m$^r$ Hubbard paying of this mony, and order it to bee reserved in his hand on acco$^t$ of publique charges, and had the County Court admitted a Sute notwithstanding; they would have passed under censure as taking upon them to reverse or act contrary to the orders of a Superio$^r$ Court:

Therefore as this case was circumstanced the County Court did justly deny m[r] Deane a tryal for which hee had no reason to appeale; But the matter is left to the Judgement of the present Hono[rble] Court, this being humbly offered.

Per yo[r] humble Servant<br>Js[a] Addington<br>1677

At the Court of Assistants (i. 94) "the plaintiff w[th]drew his Accion & was ordered to haue his entry mony wch he had."]